Filing # 150144011 E-Filed 05/23/2022 05:16:54 PM

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN & FOR LEE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MARGO ROCA, M.D.,                    :      CASE NO. 22-CA-002195
                                     :
          Plaintiff,                 :
                                     :          ROBERT    KING
                                     :          CPS-02587302
v.                                   :
                                     :      Date: _25 MAY 22_
MILLENNIUM PHYSICIAN                 :
HOLDINGS, LLC,                       :      Time: _10:40 AM_
                                     :
          Defendant.                 :
_____/               **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the
Complaint in this action on Defendant MILLENNIUM PHYSICIANS HOLDINGS,
LLC, **BY SERVING, PURSUANT TO F.S. §48.091:**

      Registered Agent:      Darrell C. Smith
                             Shumaker, Loop & Kendrick, LLP
                             101 East Kennedy Blvd., Ste. 2800
                             Tampa, FL 33602

      If service cannot be made on the Registered Agent because of failure to comply
with F.S. § 48.091, service of process shall be permitted on any employee at the
corporation's place of business.

      **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR
PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

      1.      The president or vice president, or other head of the corporation; and/or
in his or her absence;

1

2.      The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3.      Any director; and in the absence of all of the above; or

4.      Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

MG Legal Group, P.A.
Counsel for Plaintiff
3126 Center St.
Coconut Grove, Florida 33133
Tel No.: (305) 448-9557
Fax No.: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____ May 24 _____, 2022.

Kevin C. Karnes
Clerk of the Court

By: _Kennedy Huin_
as Deputy Clerk

2

IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN & FOR LEE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MARGO ROCA, M.D.,      :    CASE NO.

      Plaintiff,      :

                      :

v.                    :

                      :

MILLENNIUM PHYSICIAN    :
HOLDINGS, LLC,

                      :    **EQUAL PAY ACT**

      Defendant.      :    **COMPLAINT**

_____/

Plaintiff, MARGO ROCA, M.D., through counsel, sues Defendant, MILLENNIUM PHY(the "Employer"), and alleges as follows:

## A. JURISDICTION

1.    This is an action for damages for an amount in excess of the minimal jurisdictional limits of this Court, to wit: $30,000.00, exclusive of interest, fees or costs, for all relief available to Plaintiff in this case.

## B. THE PARTIES

2.    For Count I, based on the Employer's actions as described herein, Plaintiff was and is paid in a disparate fashion compared to similarly situated male employees employed by Defendant in violation of §16(c) and §17 of the Fair Labor Standards Act (the "FLSA"), as amended, 29 U.S.C. §§ 216(c), 217, to enforce

1

provisions of the Equal Pay Act of 1963 ("Equal Pay Act"), codified as §6(d) of the FLSA, 29 U.S.C. §206(d).   Count II is Plaintiff's claim against the Employer for retaliation.

3.   The Employer was Plaintiff's employer at all times material and does business in Lee County, Florida as a Florida limited liability corporation.

4.   The Employer was and is an employer engaged in an industry affecting commerce within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d) and has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of §§ 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j). As such, the Employer has been an enterprise engaged in commerce or in the production for goods for commerce as an enterprise that is engaged in the medical field, pursuant to §§ 3(r) & (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

5.   Plaintiff is a resident of Lee County, Florida and was the Employer's employee working as a Radiologist for over ten years.

## C. CONDITIONS PRECEDENT

6.   Prior to filing this claim, in October 2021, Plaintiff complained to the Employer both verbally and in writing that she was being paid in a disparate fashion compared to similarly situated male Radiologists since her base pay and performance based incentive pay (hereinafter "Bonus") was significantly less than her male counterparts.

7.     From October 2021 through the date of filing this claim, the Employer made repeated assurances to Plaintiff that it would investigate Plaintiff's claims and "get back to" her "shortly." Despite all such assurances and the Employer's Employee Handbook promising that complaints of disparate or unfair treatment would be investigated and rectified in an expedient manner, the Employer never "got back to" Plaintiff or rectified the pay disparity.

8.     Frustrated with the Employer's failure to investigate and correct the pay disparity, Plaintiff tendered her involuntary resignation to the Employer on or about May 2, 2022.

9.     All conditions precedent to the filing of this action (if any) have occurred or have been otherwise waived.

10.     Plaintiff has retained undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein. Said attorneys' fees and costs are payable pursuant to the Equal Pay Act.

## D. PAY DISPARITY

11.     The Employer pays different wages to employees of opposite sexes for equal work on jobs, the performance of which requires equal skill, effort and responsibility that are performed under similar working conditions.

12.     While employed by the Employer, Plaintiff was and is the only female Radiologist.

3

13.   The similarly situated male Radiologists to Plaintiff are Dr. David Fleszar, Dr. Paul Ratcliff, Dr. Ronald Stengel, Dr. James White, Dr. Michael Clark, Dr. Mark Hiborn, Dr. Chaim Margolin, Dr. William Ford, and Dr. Michael Kuhn (hereinafter collectively referred to the "Male Radiologists").

14.   Plaintiff, who worked for the Employer as its only female Radiologist, upon information and belief, was paid an annual salary at least 20% less than the Male Radiologists.

15.   Plaintiff, who worked for the Employer as its only female Radiologist, upon information and belief, was paid a Bonus at least 40% less than the Male Radiologists.

## COUNT I
## PLAINTIFF's EQUAL PAY ACT's
## CLAIM AGAINST THE EMPLOYER

16.   The allegations of ¶¶ 1-15 are realleged and incorporated herein by reference.

17.   Since the time that Plaintiff was first employed by the Employer, the Employer has violated the Equal Pay Act, §§ 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Plaintiff at a rate less than the Male Radiologists and paying her a significantly lower bonus.

18.     Defendant violated the Equal Pay Act because it paid different wages to employees of the opposite sex, including Plaintiff, for equal work on jobs the performance of which requires equal skill, effort and responsibility.

19.     At all times material, Plaintiff performed work equal in skill, effort and responsibility to the work of the male Radiologists who were paid higher salary and bonus.

20.     As a direct and proximate acts complained of above, the Employer has unlawfully withheld and is continuing to withhold the payment of wages and bonus due to Plaintiff.

21.     The unlawful practices complained above were and are willful.

22.     The Employer's violation of the Equal Pay Act was willful.

23.     Due to the Employer's violation of the Equal Pay Act, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Employer for the remedies provided by the Equal Pay Act, including but not limited to:

A.      Grant a permanent injunction enjoining the Employer from participating in disparate behavior and/or conduct based on sex including but not limited to the payment of wages and/or bonuses;

B.      Grant a permanent injunction enjoining the Employer from paying wages and/or bonuses to employees of one sex at rates less than rates at which they pay employees of the opposite sex for substantially the same work, considering the skills, effort, and responsibility of the jobs, under similar working conditions;

C.      Order the Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present employment practices;

D.      Order the Employer to pay appropriate back wages and Bonus, in amounts to be determined at trial, and an equal sum of liquidated damages, and prejudgment interest to Plaintiff based on its willful violation of the Equal Pay Act;

E.      Order the Employer to pay Plaintiff's attorneys' fees and costs as provided by the Equal Pay Act;

F.      Order any other relief this Court deems just and proper as provided for and/or allowed under the Equal Pay Act.

## COUNT II
## PLAINTIFF's RETALIATION
## CLAIM AGAINST THE EMPLOYER

24.     The allegations of ¶¶ 1-15 are realleged and incorporated herein by reference.

25.     As alleged above, in October 2021, Plaintiff complained to the Employer both verbally and in writing that she was being paid in a disparate fashion compared

to similarly situated male Radiologists since her base pay and Bonus was significantly less than her male counterparts in violation of Equal Pay Act.

26.     In response to Plaintiff's complaints as provided at ¶25 above and her repeated requests that her complaints be investigated and corrected, the Employer reduced Plaintiff's Bonus and terminated her tail insurance when she tendered her involuntary resignation because of the Employer's refusal to investigate and correct the pay and Bonus disparity.   The cost to obtain such tail insurance (which is mandatory for Plaintiff to practice in her field) was approximately $45,000.00.   The Employer's actions were in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

27.     The Employer showed reckless disregard of the provisions of the FLSA concerning its retaliation against Plaintiff for her complaints.

28.     By reason of the foregoing acts of the Employer, Plaintiff has suffered damages, and she is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Employer for its violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury for Counts I & II on all issues so triable.

Respectfully Submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

*Counsel for Plaintiff*

8

5/24/2022 11:06 AM FILED LEE COUNTY CLERK OF COURTS

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                                  CIVIL ACTION

CASE NO: 22-CA-002195

Roca, Margo, MD
    Plaintiff
vs
Millennium Physician Holdings LLC
    Defendant

_____/

## STANDING ORDER IN CIRCUIT CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 (as amended) entered by the Chief Judge of
this Circuit, the parties are ordered to adhere to the following information and procedures
applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of
the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's
fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases (other than
residential foreclosures, involuntary commitment of sexually violent predators, Extraordinary
Writs, 90 day Notice of Medical Malpractice Claim, and Administrative Appeals), the parties are
required to participate in the case management system. The Court will issue a Case Management
Plan after 150 days of the filing of a case in the event the parties have not submitted an Agreed
Case Management Plan that has been approved by the Court. However, if it becomes necessary
to amend the court-issued Case Management Plan, the parties may submit an Agreed Case
Management Plan, subject to approval by the Court, or if the parties cannot agree on an
Amended Plan, the parties may request a case management conference. The form of the Agreed
Case Management Plan may be accessed at the Court's website at:
https://www.ca.cjis20.org/Programs/Civil-Case-Management/generalcivil.aspx. If a case
management conference is scheduled, attendance by trial counsel and those parties who are not
represented by counsel is mandatory. Agreed Case Management Plans are to be submitted
to Lee County Civil Case Management by email in Word format to
LeeCircuitCivilCM@ca.cjis20.org or if no access to email then mailed to Lee County
Civil Case Management 1700 Monroe Street Fort Myers Fl. 33901. DO NOT file with the
Clerk of Court.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an

Rev. 9/28/21

out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla.R.Civ.P. 1820(h).

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

**DONE AND ORDERED** in Chambers at Fort Myers, Lee County, Florida.

/s/Alane C. Laboda
Administrative Circuit Judge

****Original on file in the office of the Circuit Court Administrative Judge, Lee County